

*Form O-404*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
05/27/2010

| | | |
|---|---|---|
| In re: | § | Case No. 10-31546-H3-7 |
| KEVIN MIFFLIN | § | (Chapter 7) |
| KRISTINE MIFFLIN | § | |

**CHAPTER 7
AGREED ORDER CONDITIONING AUTOMATIC STAY
(This Order Resolves Docket #16 )**

1. This Order concerns the obligation that is secured by a security interest in the Debtor(s)' property and thats held, directly or as agent for holder, by San Antonio Federal Credit Union ("Movant"). The property is a 2007 Chevrolet Truck Suburban-V8 Utility C1500 LTZ 2WD, VIN#XXXX5027 (the "Property"). Notices sent pursuant to this Order must be sent to Don J. Knabeschuh, Attorney for Movant, 5090 Richmond Ave., #472, Houston, TX 77056-7402 and to Attn: Maria Villarreal, San Antonio Federal Credit Union, P.O. Box 1356, San Antonio, TX 78295-1356 (if to Movant) and to John Vincent Burger Attorney at Law, 4151 SW Frwy., Suite 770, Houston, TX 77027, and to Kevin and Kristine Mifflin, 12011 Piney Bend Dr., Tomball, TX 77376, (if to Debtor).

2. The parties have stipulated that unpaid amounts due prepetition total $0.00 and that unpaid amounts due post-petition total $0.00 and that Movant should be awarded attorneys fees and costs in the amount of $325.00 (not to exceed the lesser of $650.00 or the amount of equity in the property), for a total past due amount owed of $325.00.

3. The Debtors must:

A. Timely make all regular payments to the Movant (addressed to: San Antonio Federal Credit Union, P.O. Box 1356, San Antonio, TX 78295-1356) including all payments of principal, interest and escrow.

B. If the Property is a vehicle, maintain insurance on the property and provide continuous proof of insurance to the holder of the note. If the property is real property, maintain insurance, pay all post-petition homeowners association and community improvement association fees that are secured by the real property, pay any post-petition amounts that come due under any town home or condominium declaration, pay all post-petition ad valorem taxes on the property and provide continuous proof of insurance and payment of post-petition ad valorem taxes to the holder of the note. This provision does not apply to escrowed taxes and insurance.

~~C. Make additional monthly payments of $_____ per _____ to the Movant as adequate protection payments.~~

4. The automatic stay remains in effect until the earlier of (i) a default under this Order; (ii) the dismissal of this case; or (iii) if the property is exempt property, the time a discharge is granted or denied in this case.

5. If the Debtor(s) fail to comply with paragraph 3 of this Order or make a payment by insufficient check, the Movant must give the Debtor(s) and Debtor(s)' counsel written notice by regular and by certified mail. If the Debtor(s) fail to comply within 14 days of the date that notice was sent, it is a default under this order. Movant is only required to send one notice of default under this order. If there is a second failure to comply with paragraph 3, the failure constitutes a default and no further notice of an opportunity to cure must be given. If the stay terminates because there is a default, the Movant must file a notice of termination of the

*Form O-404*

automatic stay. The Debtor may challenge any notice of termination by filing a motion to set aside the notice of termination. The motion must be filed within 14 days of the filing of the notice of termination. Pending consideration of the motion by the Court, the Movant may (i) repossess any Property that is personal property, but may not consummate a sale of the Property; provided, any repossession undertaken as a consequence of an erroneous Notice of Termination may subject Movant to damages; and (ii) proceed with all actions preparatory to foreclosure, but may not consummate a foreclosure of Property that is real property. Any co-debtor stay terminates at the time that the automatic stay terminates.

6. This order neither (i) constitutes a reaffirmation agreement under § 524 of the Bankruptcy Code; nor (ii) extends the automatic stay beyond its statutory term.

7. If the property that is the subject of this order is not exempt property, the Chapter 7 Trustee is bound by the terms of this Order only if the Chapter 7 Trustee signs below.

**SO ORDERED**:

MAY 27 2010                ReservedForJudgeSignature

AGREED AND ENTRY REQUESTED:

| Debtor | Joint Debtor |
|---|---|
| /s/ John V. Burger | /s/ Don J. Knabeschuh |
| Debtor(s)' counsel signature | Movant's counsel signature |
| John Vincent Burger | Name: Don J. Knabeschuh |
| Attorney at Law | State Bar No.: 11578800 |
| 4151 SW Frwy., Suite 770 | S.D. Tex Bar No.: 3275 |
| Houston, TX 77027 | Address: 5090 Richmond Ave., #472 |
| 713 960-9696 | Houston, TX 77056-7402 |
| Fax: 713 961-4403 | Telephone: 713 984-4615 |
| bankruptcy@burgerlawfirm.com | Fax: 713 339-4610 |
| | E-mail: dknab52@gmail.com |

[Document must be signed by Debtor(s) or by Debtor(s) counsel or both. Electronic signatures may be submitted. Movant must retain copies of the original signatures.]